United States District Court
District of Connecticut
FILED AT   BRIDGEPORT

_____ 20

3/7/11

Roberta D. Tabora, Clerk
By_____

Deputy Clerk

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT**

**PRO SE PRISONER CIVIL RIGHTS COMPLAINT**

WARNING: You cannot use this form to ask the Court to release you from prison, to shorten your sentence, or to give you back good time credits that were taken away. If that is what you want, you must use the forms for a writ of habeas corpus.

CASE NO. 3:11 CV 354 (AVC)

PLAINTIFF(S) [Write the name(s) of the person(s) complaining]

Deno Dawes

_____

_____

_____

_____

VS.

DEFENDANT(S) [Write the name(s) of the person(s) you are suing. If you do not know a name, write "John Doe" or "Jane Doe." Include the defendant's rank or title and place of employment if you know it.]

James Lark
Anthony Cuoco
John Doe # 1,2,3  and
Jane Doe # 1
Sued in their individual
Capacities        Defendants

Rev. 10/14/09

**Complete every section and SIGN THE LAST PAGE.** The Court cannot give you legal advice, so if you need help, you should call Inmate Legal Assistance at 1-800-301-ILAP (4527). It is a good idea to ask ILAP to review your complaint before you send it to the Court, to make sure that your allegations describe the kind of claim that you can make in federal court and minimize the risk that your case will be dismissed for failure to state a good legal claim.

**A.   JURISDICTION**

Because federal courts cannot hear every kind of claim, you must identify the law that says this court can hear your claim. There are two possibilities. Check **one.**

I can bring my complaint in federal court because I am suing:

1. _____✓_____ State, county or city employees for violating my federal rights under 42 U.S.C. Sec. 1983; OR

2. _____ Federal employees for violating my federal rights under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and 28 U.S.C. Sec. 1331.

**B.   PLAINTIFF(S)** (THE PERSON(S) FILING THIS COMPLAINT)

If there are more than two plaintiffs, attach additional pages. Provide items a, b, and c for each additional plaintiff.

1. <u>First Plaintiff</u>
   a.   Full Name: Deno oniel Dawes
   b.   Inmate Number: 346284
   c.   Correctional facility: Northern Correctional institution
   d.   State of citizenship: Jamaican Citizen, U.S national

2. <u>Second Plaintiff</u>
   a.   Full Name:
   b.   Inmate Number:
   c.   Correctional facility:
   d.   State of citizenship:

Rev. 10/14/09                                                2

**C.    DEFENDANT(S)** (THE PERSON(S) WHOSE ACTIONS YOU ARE COMPLAINING ABOUT)

If you are suing more than six people, attach additional pages. Provide items 1, 2 and 3 for each additional defendant.

1.    <u>First Defendant</u>
   a.    Full Name: James Lark
   b.    Rank or Title: Lieutenant
   c.    Workplace: Macdougall-Walker Correctional Institution

2.    <u>Second Defendant</u>
   a.    Full Name: Anthony Cuoco
   b.    Rank or Title: Correctional Officer
   c.    Workplace: Macdougall-Walker Correctional Institution

3.    <u>Third Defendant</u>
   a.    Full Name: John Doe #1
   b.    Rank or Title: Correctional Officer
   c.    Workplace: Macdougall-Walker Correctional Institution

4.    <u>Fourth Defendant</u>
   a.    Full Name: John Doe #2
   b.    Rank or Title: Correctional Officer
   c.    Workplace: Macdougall-Walker Correctional Institution

5.    <u>Fifth Defendant</u>
   a.    Full Name: John Doe #3
   b.    Rank or Title: Correctional Officer
   c.    Workplace: Macdougall-Walker Correctional Institution

6.    <u>Sixth Defendant</u>
   a.    Full Name: Jane Doe #1
   b.    Rank or Title: Correctional ~~Officer~~
   c.    Workplace: Macdougall-Walker Correctional Institution

Rev. 10/14/09

**D.   PREVIOUS LAWSUITS RELATED TO THIS CASE**

Tell the Court if any plaintiff has filed other state or federal lawsuits involving these defendants or events. If you need more space, attach additional pages.   **Provide items a-d for each case**

1.   First Lawsuit

     a.   Court and Date filed:     NONE

     b.   Caption and Docket No.:

     c.   Briefly, what was this lawsuit about?


     d.   Did you win or lose?  If you lost, did you appeal? If you appealed, what did the appeals court say?


2.   Second Lawsuit

     a.   Court and Date filed:

     b.   Caption and Docket No.:

     c.   Briefly, what was this lawsuit about?


     d.   Did you win or lose?  If you lost, did you appeal? If you appealed, what did the appeals court say?


3.   Third Lawsuit

     a.   Court and Date filed:

     b.   Caption and Docket No.:

     c.   Briefly, what was this lawsuit about?


     d.   Did you win or lose?  If you lost, did you appeal? If you appealed, what did the appeals court say?

**E.    OTHER LAWSUITS**

Tell the Court if any plaintiff has filed other federal lawsuits in this court within the past ten (10) years. If you need more space, attach additional pages. **Provide items a-d for each case.**

1.    First Lawsuit

    a.    Court and Date filed:

    b.    Caption and Docket No.:

    c.    Briefly, what was this lawsuit about?


    d.    Did you win or lose?  If you lost, did you appeal? If you appealed, what did the appeals court say?


2.    Second Lawsuit

    a.    Court and Date filed:

    b.    Caption and Docket No.:

    c.    Briefly, what was this lawsuit about?


    d.    Did you win or lose?  If you lost, did you appeal? If you appealed, what did the appeals court say?


3.    Third Lawsuit

    a.    Court and Date filed:

    b.    Caption and Docket No.:

    c.    Briefly, what was this lawsuit about?


    d.    Did you win or lose?  If you lost, did you appeal? If you appealed, what did the appeals court say?


Rev. 10/14/09

## F.   REASON FOR COMPLAINT

WARNING: Common mistakes can get your case **dismissed as frivolous or for failure to state a good legal claim.** If this happens, you will still have to pay the filing fee, even if you are proceeding *in forma pauperis.* To avoid losing your filing fee, please read this information carefully and consult Inmate Legal Assistance at 1-800-301-ILAP (4527) before you file.

1.   Failure to use the prison grievance process before suing: You can generally only sue for events that you have already complained about through the prison grievance process. If you have not followed all the steps in the grievance process before you come to court, the defendants may be able to get your case dismissed for "failure to exhaust administrative remedies." If your case is dismissed, you will lose your filing fee.

2.   Complaining about incidents that happened a long time ago: You can generally only sue for events that happened within the last three years. If you are suing over events that happened earlier than that, the defendants may be able to get your case dismissed under the statute of limitations. If your case is dismissed, you will lose your filing fee.

3.   Suing people who were not personally involved: You can generally only sue defendants who were directly involved in harming you. In order to sue a supervisor, you must usually show that the supervisor both knew about the actions of other defendants and failed to stop them. Just being a supervisor usually is not enough.

4.   Suing defendants who have immunity to suit for money damages: You generally cannot sue the following people and entities for money damages: the State of Connecticut; agencies of the state (like the Department of Correction); the United States government; the President of the United States (for actions taken while President); judges (for actions taken in connection with judicial duties); parole board officers (for actions taken in imposing parole conditions or revoking parole); prosecutors (for actions taken in performing duties integral to the criminal judicial process). If you think you have a claim for money damages against such people or entities, check with Inmate Legal Assistance first, or your case may be dismissed on the basis of immunity and you will lose your filing fee.

5.   Complaining about a criminal conviction or prison disciplinary

proceeding that resulted in loss of good time credits or other change to your time in prison. If winning your claims "would necessarily imply the invalidity" of a criminal conviction or prison disciplinary punishment affecting the time served, then you cannot make these claims under Section 1983 unless you have already had the conviction or prison disciplinary proceeding invalidated, for example through a habeas proceeding.  *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

Please note that this is not a complete list of the problems you might encounter with your case.  **The Court cannot give you legal advice and will not appoint a lawyer for you until it is clear that you have a good legal claim.**  Until then, your best strategy is to call the Inmate Legal Assistance Program at 1-800-381-ILAP before you file a complaint.  **If Inmate Legal Assistance says you do not have a good case, you should consider that advice very seriously.**

You do not need to cite to the Constitution, any statutes, or any cases.  However, it is important to **be specific about dates, times, and the names of the people involved**.  It is helpful to put each important fact in a separate, numbered paragraph.

If you do not know the name of the person who harmed you, call that person Defendant Doe and provide some information from which it will be possible to identify the person - for example, gender, rank and shift.  If there is more than one defendant whose name you do not know, call them Defendant Doe1, Defendant Doe2, and so on.

**Here is an example of the proper way to describe your claims.**

Example of Statement of Case

1. On April 1, 2007, I fell and injured my foot during a basketball game with other prisoners.
2. After the game, I asked Defendant CO Brian Smith to let me see the nurse.  Defendant CO Brian Smith told me that I could not see the nurse because it was not an emergency.
3. During the afternoon, my foot became swollen and very painful.
4. At about 5 p.m. in the presence of my cellmate Bill Bloggs, I told Defendant Lieutenant Jane Doe, who was the shift supervisor, that I needed a doctor and showed him my swollen foot.
5. Defendant Lieutenant Jane Doe brought me two Tylenol and told me that I could not see the nurse until sick call the next morning.
6. The next day, I could not get out of bed because my foot was so swollen and painful.  I had to go to hospital and have an operation to fix my foot.
7. I had to take pain medication for two months after the operation and have needed a walking stick for support since that time.

Rev. 10/14/09                                7

**Now describe your claims**

Statement of Case

1.

2.

3.

4.

5.

6.

7.

8.

9.

10.

*See Attachment*

**If you need more space, attach additional pages, but be as brief as possible.**

Plaintiff, an inmate at northern Correctional Institution Brings this action pro-se and In Forma Pauperis under 42 U.S.C § 1983 against Employees of the Department of Correction Claiming that they Subjected him to Excessive Force in violation of the Eighth Amendment. named as Defendants are Lieutenant James Lark and Correctional officers Anthony Cuoco, John Doe #1,2,3 and Jane Doe #1.

Pursuant to 28 U.S.C Section 1915A, the Court must review a prisoner Complaint against government Employees and Dismiss any part of it that Fails to State a claim on which relief may Be granted. to withstand review under Section 1915A, Complaint must Contain Sufficient Factual matter, accepted as true, to State Claim For relief that is plausible on its Face.

On June 20th 2010, plaintiff, an inmate at Macdougall-Walker Correctional institution walked to gymnasium recreation. When about Five(5) steps away from the gymnasium door, ~ Defendant Correctional officer Anthony Cuoco notified the plaintiff to "hurry up". Being unable to, the plaintiff notified Defendant Correctional officer Anthony Cuoco that he couldn't, specifically because his "legs hurt".

As a result, Defendant Correctional officer Anthony Cuoco became angry, aggressive and confrontational ~ toward the plaintiff. Noticing Defendant Correctional officer ~ Anthony Cuoco's inappropriate behavior, Defendant Correctional officer Jane Doe #1 intervened and began walking the plaintiff back to ~ m-unit.

When approximately 20-30 Feet ahead OF DeFendant Correctional OFFicers Anthony Cuoco, John Doe#1 and John Doe#2 — plaintiFF Dawes was call Back. When plaintiFF Dawes reached Such DeFendants He attempted to ask a question, But

UnFortunately, without provo-Cation DeFendant Correctional oFFicer Anthony Cuoco attempted to Strike the plaintiFF, But missed, then, When Such miss occurred, DeFendants Anthony Cuoco, John Doe#1, John Doe#2 — And Jane Doe#1 maliciously grabbed the plaintiFF And Slammed him to the Floor.

While on the Floor DeFendants Anthony Cuoco, John Doe#1, John Doe#2 and Jane Doe#1 — Sexually assaulted the plaintiFF.

DeFendants James lark and John Doe#3 Stood by watching, Basically Failing to intervene.

the plaintiff was then hand-
cuffed and escorted to rtu
By these said Defendants.

as a result of their Excessive
Force the plaintiff sustained
Swelling, internal and External bleeding
From his testicles and a
testicle infection.

DID Exhaust Grievance 1 lap
Has Level two

**G.    REQUEST FOR RELIEF**

Tell the court what kind of relief you want. **Remember:** (1) You can only get money damages for mental or emotional injury if you were also physically injured; (2) Money damages may be reduced to pay restitution to victims of your crime and fees for a court-appointed attorney, if you had one; (3) You cannot use a Section 1983 or *Bivens* action to request release from custody, a reduction in your sentence, or a restoration of good time credits. For any of these, you must pursue a Writ of Habeas Corpus.

Courts Jurisdiction under 28 U.S.C 1331 and 1343(a)(3).

Courts Jurisdiction under 28 U.S.C 2201 and 2202.

Compensatory, punitive Damage in amount Court Deems Just

**H.    Do you wish to have a jury trial? Yes ___✓___    No_____**

**I.    DECLARATION UNDER PENALTY OF PERJURY**

Warning: **You must sign this** or your complaint will not be filed.

By signing this complaint, I certify under penalty of perjury that the information contained in this complaint is true and accurate to the best of my knowledge.   I understand that if I lie in this complaint, I may be prosecuted for perjury, and punished with as much as five (5) years in prison and/or a fine of $250,000.   See 18 U.S.C. Sections 1621, 3571.

Signature: _____

Signed at _____  on ___3/3/2011___
                  **(Location)**                      **(Date)**

If there are additional plaintiffs, attach another page with the name and signature of each plaintiff on it. **The complaint cannot be filed without a signature from each plaintiff.**

## J.   FINAL INSTRUCTIONS

**WARNING: Your complaint will not be filed** unless you complete each of these steps:

1.   Sign the Declaration under Penalty of Perjury on p. 9

2.   Be sure to include the date with your signature on p. 9

3.   Enclose a check for $350 (payable to "Clerk, United States District Court") **OR** a completed Application to Proceed In Forma Pauperis

4.   Enclose **one** copy of the complaint for the Clerk's Office. You do not need to send a copy for each defendant.

5.   Send the complaint plus either your application for IFP status or your check for $350 (payable to "Clerk, United States District Court") to one of the addresses below:

   • CLERK'S OFFICE, UNITED STATES DISTRICT COURT, 915 LAFAYETTE BOULEVARD, BRIDGEPORT, CT 06604.

   • CLERK'S OFFICE, UNITED STATES DISTRICT COURT, 450 MAIN ST, HARTFORD, CT 06103

   • CLERK'S OFFICE, UNITED STATES DISTRICT COURT, 141 CHURCH ST, NEW HAVEN, CT 06510

Remember, the Clerk cannot file your complaint unless you take all of the steps above.

# Inmate Administrative Remedy Form
## Connecticut Department of Correction

CN 960
REV 1/31/

| Facility/Unit: _Northern Correctional Institution_ | Date: 7/2/2010 |
|---|---|
| Inmate name: _Dave Jones_ | Inmate number: 346 284 |

## SECTION 1 — SELECT ADMINISTRATIVE REMEDY A, B or C BELOW.

Follow the instructions *(for property claims, complete form CN 9609, Lost/Damaged Property Investigation Form and deposit in the 'Administrative Remedies' box).*

**A.** ☒ **I am filing a Grievance.**
Prior to filing a grievance, you must attempt informal resolution. Attach a copy of CN 9601, Inmate Request Form with the staff member's response OR state in Section 4 the reason why the form is not attached. Grievances must be filed within 30 days of the occurrence or discovery of the cause of the grievance.  >  Refer to Section 2 below

**B.** ☐ **I am requesting a Health Services Review:**
☐ Diagnosis/Treatment  >
☐ All Other Health Care Issues  >  Complete Section 4  >>>

**C.** ☐ **I am filing an Appeal of a (select one below):**
Appeals must be filed within 15 days of notification of a decision.
☐ Disciplinary Action  >  Complete Section 3 below
☐ Special Management Decision  ☐ Classification Decision  >
☐ Media Review Committee Decision  ☐ Furlough Decision  >
☐ Security Risk Group Designation  ☐ ADA Decision  >  Complete Section 4  >>>
☐ Determination of Grievance Process Abuse  ☐ Rejection of Outside Tapes/CDs  >

## SECTION 2 — OTHER REQUIREMENTS FOR USING THE INMATE ADMINISTRATIVE REMEDY PROCEDURE

Read and comply with the instructions below, then complete Section 4 (State the Problem) on the reverse side. >>>

- Only one request for an administrative remedy must be submitted on this form.
- The request for an administrative remedy and the action sought should be stated simply and coherently.
- The length of this request for an administrative remedy shall be restricted to the space available in Section 4 and one (1) additional 8 1/2 x 11 inch page.
- This request for an administrative remedy must be free of obscene or vulgar language or content.
- This request for an administrative remedy must be filed by the inmate who is personally affected by the subject of the request and shall not be filed by an inmate on behalf of another.
- A repetitive request for administrative remedy may not be filed by the same inmate when a final response has been provided and there has been no change in any circumstances that would affect the response; or when the initial request for an administrative remedy is still in process.

## SECTION 3 — DISCIPLINARY SECTION – Complete this Section for a Disciplinary Appeal ONLY

You may file a Disciplinary Appeal ONLY if you have pleaded not guilty and have been found guilty at a disciplinary hearing. If so, complete this section, then complete Section 4 (State the Problem) on the reverse side. >>>

| Offense: | Report date: |
|---|---|
| Facility where hearing was conducted: | Date of hearing: |
| Did you have an advocate? ☐ yes ☐ no | If yes, name of advocate: |

Did you identify witness(es) to the investigator? ☐ yes ☐ no | Did your witness(es) testify? ☐ yes ☐ no

Name(s) of any witness(es):

# CONFIDENTIAL

**(FOR OFFICIAL USE ONLY)**

Inmate name: _Deno Dawes_

Inmate number: _346284_

Housing: _3 East -115_

| SECTION 4 | STATE THE PROBLEM AND REQUESTED RESOLUTION |
|---|---|

Provide any factual information that is applicable, including any responses from staff. State the action that you think should be taken to resolve the problem. PLEASE PRINT.

— Request Not Attached. Because Deputy Warden Powers Never answered My Request.

— On Sunday June 20 2010 At MacDougall-Walker vi was involved in a Code Orange when vi was Helpless on the ground vi was taken advantage of. One off the Correctional officers grabbed onto my testicles As anothere tryed to Break my left Hand.

— In Response to Resolution, vi would like Correctional officers reinvestigated, And Disciplined Accordingly!

Inmate signature: _Deno Dawes_   Date: _7/2/2010 friday_

**For all remedies except health services, deposit this form in the Administrative Remedies box.**
**For a health services issue, deposit this form in the Health Services box.**

| SECTION 5 | DECISION / OFFICIAL USE ONLY – DO NOT WRITE IN THE SPACE BELOW |
|---|---|

Date Received: _7/16/10_    IGP #: _137-11-024_    T#:

Disposition: _Denied_    Date of Disposition: _7/22/10_

Reason:

*Denied. You struck CO Cuoco in the face after he denied you access to the gym and a code was called in which responding officers took you to a fixed position on the floor and restrained you. The staff acted professionally according to A.D. 2.17-Employee Conduct and A.D. 6.5-Use of Force. You were seen by Medical who reported no notable injuries to your person. Your allegations cannot be substantiated and your level 1 grievance is denied.*

☐ You have exhausted DOC's Administrative Remedies.    ☐ This matter may be appealed to:

Signature: _C.O. Murphy Cuuta_    Date: _7/22/10_