UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2011 DEC -7 P 12:39
US DISTRICT COURT
HARTFORD CT
PRISONER

DENO DAWES,
  plaintiff,

v.                                      CASE NO. 3:11-cv-354(AVC)

JAMES LARK, et al.,
  defendants.

### INITIAL REVIEW ORDER

The plaintiff, Deno Dawes, is currently incarcerated at Oklahoma City Federal Transfer Center in Oklahoma City, Oklahoma. He has filed a complaint *pro se* pursuant to 42 U.S.C. § 1983, naming Lieutenant James Lark and Correctional Officers Anthony Cuoco, John Doe No. 1, John Doe No. 2, John Doe No. 3 and Jane Doe No. 1 as defendants. Despite having granted the plaintiff leave to file an amended complaint, the plaintiff has not filed an amended complaint. Accordingly, the court addresses the claims in the original complaint.

The complaint alleges the following facts: On June 20, 2010, Correctional Officer Anthony Cuoco became angry with the plaintiff when he failed to walk quickly enough to recreation. When the plaintiff asked Officer Cuoco a question, he tried to punch the plaintiff and missed. Then Officer Cuoco, John Doe No. 1, John Doe No. 2 and Jane Doe No. 1 slammed the plaintiff on the floor and sexually assaulted him. John Doe No. 3 failed to intervene. The defendants subsequently handcuffed the plaintiff

and escorted him to the restrictive housing unit.  The plaintiff suffered injuries to his testicles.  He seeks monetary damages from the defendants in their individual capacities.

Pursuant to 28 U.S.C. § 1915A(b), the court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." Id.  Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted).  A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,' " does not meet the facial plausibility standard. Id. (quoting Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 555, 557 (2007)).  Although courts still have an obligation to liberally construe a *pro se* complaint, see Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

After reviewing the allegations, the court concludes that the case should proceed at this time as to the Eighth Amendment excessive force and failure to protect claims against the defendants in their individual capacities.

## ORDERS

The court enters the following orders:

(1)  The Eighth Amendment claims of excessive force and failure to protect shall proceed against the defendants, Lieutenant James Lark and Correctional Officers Anthony Cuoco, John Doe No. 1, John Doe No. 2, John Doe No. 3 and Jane Doe No. 1, in their individual capacities.

(2)  The plaintiff is hereby notified that the U.S. Marshal cannot serve the complaint on the John Doe Correctional Officers Nos. 1-3 or the Jane Doe Correctional Officer No. 1 until the plaintiff identifies these defendants by name.  **The plaintiff will have 60 days from the date of this order to file an amended complaint identifying these defendants by name.**  If the plaintiff fails to file an amended complaint within the time specified, the claims against these defendants will be dismissed without further

notice from the court pursuant to Federal Rule of Civil Procedure 4(m), and the case will proceed only as to the claims against Correctional Officer Anthony Cuoco and Lieutenant James Lark.

(3)  Within **fourteen (14) business days of this order, the Pro Se Prisoner Litigation Office shall** ascertain from the Department of Correction Office of Legal Affairs, the current work addresses for defendant James Lark and defendant Correctional Officer Anthony Cuoco and mail waiver of service of process request packets to each of these defendants in his individual capacity, at his current work address.  On the thirty-fifth (35th) day after mailing, the Pro Se Office shall report to the court on the status of all waiver requests.  If any defendant fails to return the waiver request, the clerk shall make arrangements for in-person service by the U.S. Marshals Service and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(4)  **The Pro Se Prisoner Litigation Office shall** send a courtesy copy of the complaint and this order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

(5)  **The Pro Se Prisoner Litigation Office shall** send written notice to the plaintiff of the status of this action, along with a copy of this order.

(6)  **Defendants Lark and Cuocco shall** file their response to

the complaint, either an answer or motion to dismiss, within **seventy (70)** days from the date of this order.  If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above.  They may also include any and all additional defenses permitted by the federal rules.

(7)  Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order.  Discovery requests need not be filed with the court.

(8)  All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(9)  Pursuant to Local Civil Rule 7(a), a non-moving party must respond to a dispositive motion within **twenty-one (21)** days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

SO ORDERED at Hartford, Connecticut this 6th day of December, 2011.

/s/ Alfred V. Covello, USDJ

Alfred V. Covello
United States District Judge